UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: SUBPOENA ISSUED IN:<br><br>*St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, pending in the United States District for the Middle District of Tennessee, Case No. 3:18-cv-00988-WLC-AEN | Misc. No. 1:22-mc-144 |
| DAVID FABER<br><br>                    Petitioner,<br><br>          v.<br><br>CHICAGO VICINITY LABORERS DISTRICT COUNCIL PENSION FUND and NEW YORK HOTEL TRADES COUNCIL & HOTEL ASSOCIATION OF NEW YORK CITY, INC. PENSION FUND,<br><br>                    Respondents. | |

**DECLARATION OF ELIZABETH A. MCNAMARA IN SUPPORT OF PETITIONER
DAVID FABER'S MOTION TO QUASH NON-PARTY SUBPOENA**

      I, Elizabeth A. McNamara, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

      1.     I am an attorney at law duly licensed to practice before this Court. I am a partner in the law firm of Davis Wright Tremaine LLP and counsel for non-party journalist David Faber ("Mr. Faber"). I submit this declaration in support of Mr. Faber's Motion to Quash the Non-Party Subpoena served on him by the lead plaintiffs, Chicago Vicinity Laborers District Council Pension Fund and New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund ("Pension Funds") ("Subpoena"), in an action pending in the United States District Court for the Middle District of Tennessee, *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:18-cv-00988-WLC-AEN (M.D. Tenn.).

2. On April 21, 2022, NBCUniversal accepted service in New York, New York, of the Subpoena commanding Mr. Faber's testimony in a remote deposition that is at issue in this motion. Attached hereto as **Exhibit A** is a true and correct copy of the Subpoena.

3. Mr. Faber previously received a subpoena issued by the Pension Funds for documents related to his November 16, 2018 statements ("Statements") on the CNBC program "Squawk on the Street" regarding the stalled leveraged buyout of Acadia Healthcare, defendants in the Middle District of Tennessee litigation ("Acadia"). On August 31, 2021, Mr. Faber, through counsel, informed the Pension Funds that there "are no documents in [his] possession, custody, or control responsive to either of the two document requests in the [s]ubpoena[.]"

4. On April 26, 2022, NBCUniversal's in-house counsel spoke with Christopher Wood, counsel for the Pension Funds, regarding the Subpoena. Mr. Wood informed NBCUniversal's in-house counsel that the Pension Funds sought to determine whether the Statements were based on information received from Acadia or one of its agents or employees, in order to rebut Acadia's opposition to the Pension Funds' motion for class certification. Mr. Wood further informed NBCUniversal's in-house counsel that the Pension Funds would agree to a reasonable extension of time for the deposition of Mr. Faber to allow the parties to brief any motion to quash.

5. On May 5, 2022, I also conferred with Mr. Wood regarding the Subpoena. Mr. Wood stated that the Pension Funds sought the identity of Mr. Faber's source(s) for the Statements but did not describe any other information sought from Mr. Faber. While acknowledging that the class certification motion is fully briefed and pending before the Middle District of Tennessee, Mr. Wood stated that the Pension Funds also sought the identity of the Statements' source(s) for use at the summary judgment stage and that they had attempted to seek the information from other sources, including Acadia and a private equity entity, but failed. Mr. Wood and I agreed that Mr. Faber's deposition date would be continued pending the resolution of Mr. Faber's motion to quash. We subsequently agreed to the following briefing schedule for the motion: Mr. Faber's motion to

quash due by May 20, 2022; the Pension Funds' opposition due by June 3, 2022; and Mr. Faber's reply due by June 15, 2022.

6. Attached hereto as **Exhibit B** is a true and correct copy of the consolidated class action complaint filed by the Pension Funds in *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:18-cv-00988-WLC-AEN, ECF No. 39 (M.D. Tenn. filed Apr. 1, 2019).

7. Attached hereto as **Exhibit C** is a true and correct copy of the memorandum of law in support of Acadia's motion to dismiss filed in *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:18-cv-00988-WLC-AEN, ECF No. 41 (M.D. Tenn. filed May 31, 2019).

8. Attached hereto as **Exhibit D** is a true and correct copy of the memorandum of law in opposition to Acadia's motion to dismiss filed in *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:18-cv-00988-WLC-AEN, ECF No. 47 (M.D. Tenn. filed July 30, 2019).

9. Attached hereto as **Exhibit E** is a true and correct copy of the reply in support of Acadia's motion to dismiss filed in *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:18-cv-00988-WLC-AEN, ECF No. 50 (M.D. Tenn. filed Aug. 29, 2019).

10. Attached hereto as **Exhibit F** is a true and correct copy of the court's order denying Acadia's motion to dismiss issued in *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:18-cv-00988-WLC-AEN, ECF No. 54 (M.D. Tenn. filed Jan. 20, 2021).

11. Attached hereto as **Exhibit G** is a true and correct copy of the answer and defenses filed by Acadia in *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:18-cv-00988-WLC-AEN, ECF No. 62 (M.D. Tenn. filed Feb. 19, 2021).

12. Attached hereto as **Exhibit H** is a true and correct copy of the court's order amending pre-trial deadlines set forth in the court's case management orders issued in *St. Clair*

*County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:18-cv-00988-WLC-AEN, ECF No. 96 (M.D. Tenn. filed Oct. 5, 2021).

13. Attached hereto as **Exhibit I** is a true and correct copy of the memorandum of law in support of the Pension Funds' updated motion for class certification filed in *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:18-cv-00988-WLC-AEN, ECF No. 113 (M.D. Tenn. filed Feb. 1, 2022).

14. Attached hereto as **Exhibit J** is a true and correct copy of Acadia's memorandum of law in opposition to the Pension Funds' updated motion for class certification filed in *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:18-cv-00988-WLC-AEN, ECF No. 120 (M.D. Tenn. filed Mar. 1, 2022).

15. Attached hereto as **Exhibit K** is a true and correct copy of Lucy P. Allen's expert report attached as an exhibit to the Declaration of Milton S. McGee, in support of Acadia's opposition to the Pension Funds' motion for class certification, filed in *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:18-cv-00988-WLC-AEN, ECF No. 121-1 (M.D. Tenn. filed Mar. 1, 2022).

16. Attached hereto as **Exhibit L** is a true and correct copy of the reply in support of the Pension Funds' updated motion for class certification filed in *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:18-cv-00988-WLC-AEN, ECF No. 133 (M.D. Tenn. filed Apr. 1, 2022).

17. Attached hereto as **Exhibit M** is a true and correct copy of W. Scott Dalrymple's rebuttal expert report attached as an exhibit to the Declaration of Christopher M. Wood, in support of the Pension Funds' reply in support of their updated motion for class certification, filed in *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:18-cv-00988-WLC-AEN, ECF No. 134-1 (M.D. Tenn. filed Apr. 1, 2022).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  May 20, 2022
  New York, New York                                     */s/ Elizabeth A. McNamara*
                                                         Elizabeth A. McNamara