# EXHIBIT G

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated**,** | ) ) ) | CIVIL ACTION NO.: 3:18-cv-00988 |
| | ) ) | Judge William L. Campbell, Jr. |
| Plaintiff, | ) ) | Magistrate Judge Alistair Newbern |
| v. | ) ) | |
| ACADIA HEALTHCARE COMPANY, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' ANSWER AND DEFENSES
## TO PLAINTIFFS' CONSOLIDATED COMPLAINT

Defendant Acadia Healthcare Company, Inc. ("Acadia" or the "Company") and Defendants Joey A. Jacobs, Brent Turner, and David Duckworth (collectively, the "Individual Defendants" and, together with Acadia, "Defendants"), by and through their undersigned counsel, respectfully submit this Answer and Defenses to Plaintiffs' Consolidated Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint").

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, unless expressly admitted or otherwise addressed below, all contents of the Consolidated Complaint, including the allegations in the numbered paragraphs, headings, titles, charts, graphs, footnotes, preamble, the table of contents, prayer for relief, and jury demand are expressly denied. Defendants answer the Consolidated Complaint's separately numbered paragraphs as follows:

1.      Defendants admit that the Consolidated Complaint purports to assert claims for violations of the Securities Exchange Act of 1934 ("Exchange Act") on behalf of a putative class as defined in Paragraph 1. Defendants otherwise deny the allegations in Paragraph 1, including denying that Plaintiffs have stated any viable claim for relief.

2.     A description of Acadia's business and operating segments is set forth in its filings with the U.S. Securities and Exchange Commission ("SEC"), which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 2 that are inconsistent therewith.

3.     Defendants deny the allegations in Paragraph 3.

4.     Defendants deny the allegations in Paragraph 4.

5.     To the extent that the allegations in Paragraph 5 reference unspecified government reports and lawsuits, such reports and lawsuits are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 5.

6.     Defendants deny the allegations in Paragraph 6.

7.     The allegations in Paragraph 7 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants (a) refer to Acadia's Form 4 filings with the SEC for the history of Acadia stock trading by Defendant Jacobs and Reeve B. Waud, (b) lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former Acadia employees made the statements attributed to them in Paragraph 7; and (c) otherwise deny the allegations in Paragraph 7.

8.     To the extent that the allegations in Paragraph 8 refer to Acadia's October 24, 2017 press release or the daily trading price of Acadia' stock, such information is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 8 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 8.

9.     Defendants admit that on October 11, 2018, Aurelius Value published a short report discussing Acadia, which is a matter of public record that speaks for itself. Defendants otherwise

deny the allegations in Paragraph 9, including denying that the Aurelius Value short report accurately and fairly portrays the quality of care at Acadia's facilities.

10. To the extent that the allegations in Paragraph 10 refer to the contents of the short report published by Aurelius Value on October 11, 2018 or the daily trading price of Acadia's stock, such information is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 10, including denying that the Aurelius Value short report accurately and fairly portrays the quality of care at Acadia's facilities.

11. To the extent that the allegations in Paragraph 11 refer to an article published by *Seeking Alpha* on November 16, 2018 or the daily trading price of Acadia's stock, such information is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 11, including denying that the *Seeking Alpha* article accurately and fairly portrays the quality of care provided at Acadia's facilities.

12. Defendants admit that the Consolidated Complaint purports to seek to recover losses allegedly sustained by Acadia shareholders but otherwise deny the allegations in Paragraph 12, including denying that Plaintiffs have stated any viable claim or that Plaintiffs or any other putative class member has suffered any damages.

13. Defendants admit that the Consolidated Complaint purports to bring claims under §§ 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder, but Defendants deny that Plaintiffs have asserted any viable claim. The remaining allegations in Paragraph 13 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that the Consolidated Complaint purports to base jurisdiction on the referenced provisions of the Exchange Act.

14.     The allegations in Paragraph 14 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that the Consolidated Complaint purports to rely on 28 U.S.C. § 1391(b) for the purpose of alleging that venue is proper in this District and that Acadia's principal executive offices are located in Franklin, Tennessee. Defendants deny that the Consolidated Complaint states any viable claim and otherwise deny the remaining allegations in Paragraph 14.

15.     Defendants deny the allegations in Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Lead Plaintiff Chicago Laborers' Pension Fund is a multi-employer defined benefit pension plan with approximately $3.2 billion of assets or whether it purchased Acadia publicly traded securities during the Class Period. Defendants admit that Lead Plaintiff purports to attach to the Consolidated Complaint a certification of stock sales. Defendants otherwise deny the allegations in Paragraph 16, including denying that Lead Plaintiff suffered any damages.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund is a multi-employer pension plan with approximately $1.7 billion of assets or whether it purchased Acadia publicly traded securities during the Class Period. Defendants admit that Lead Plaintiff purports to attach to the Consolidated Complaint a certification of stock sales. Defendants otherwise deny the allegations in Paragraph 17, including denying that Lead Plaintiff suffered any damages.

18.     A description of Acadia's business is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 18 that are inconsistent therewith. Defendants admit that Acadia securities trade under

the ticker symbol "ACHC" on NASDAQ and that Acadia's principal executive offices are located in Franklin, Tennessee. The quantity of outstanding shares of Acadia common stock is a matter of public record and speaks for itself, and Defendants deny the allegations in Paragraph 18 that are inconsistent therewith. The remaining allegations in Paragraph 18 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 18.

19. Defendants admit that Defendant Jacobs served as Chairman and Chief Executive Officer of Acadia during the Class Period. A description of Defendant Jacobs's positions with Acadia during the relevant time period and his prior employment history is set forth in Acadia's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 19 that are inconsistent therewith. Defendants admit that Acadia issued a press release on December 16, 2018 announcing a transition of its CEO from Defendant Jacobs to Debbie Osteen but otherwise deny the allegations in Paragraph 19.

20. Defendants admit that Defendant Turner served as Acadia's President during the Class Period. A description of Defendant Turner's positions with Acadia during the relevant time period and his prior employment history is set forth in Acadia's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 20 that are inconsistent therewith. Defendants admit that Acadia filed a Form 8-K on March 25, 2019, announcing Turner's departure from Acadia, which is a matter of record that speaks for itself, and Defendants deny the allegations in Paragraph 20 that are inconsistent therewith.

21. Defendants admit that Defendant Duckworth served as Controller, then Chief Accounting Officer, and then Chief Financial Officer during the Class Period. A description of

Defendant Duckworth's positions with Acadia during the relevant time period and his prior employment history is set forth in Acadia's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 21 that are inconsistent therewith.

22.     Defendants admit that the Consolidated Complaint purports to refer collectively to Defendants Jacobs, Turner, and Duckworth as the "Individual Defendants." Defendants deny the remaining allegations in Paragraph 22, including denying that Plaintiffs have stated any viable claim.

23.     The allegations in Paragraph 23 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that the Individual Defendants had access to information regarding Acadia in connection with their respective roles at Acadia but otherwise deny the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 25.

26.     The allegations in Paragraph 26 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants refer to the federal securities laws for their true contents and any obligations the Individual Defendants owed thereunder but otherwise deny the allegations in Paragraph 26, including denying that Defendants made any misrepresentations or omissions in violation of the federal securities laws.

27.     Defendants deny the allegations in Paragraph 27.

28.     A description of Acadia's business is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 28 that are inconsistent therewith.

29.     A description of Acadia's business, including the categories of its facilities, is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 29 that are inconsistent therewith.

30.     A description of Acadia's business, including its history and founding, is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 30 that are inconsistent therewith.

31.     Acadia's May 25, 2011 press release, July 13, 2011 S-4, and the individuals on Acadia's executive management team are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 31 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 31.

32.     Defendants admit that Defendant Jacobs previously served as Chief Executive Officer of Psychiatric Solutions, Inc. ("PSI"). A description of Jacobs's prior employment history is set forth in Acadia's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 32 that are inconsistent therewith. A description of PSI's business is set forth in its filings with the SEC, which are matters of public record that speak for themselves. Defendants deny the remaining allegations in Paragraph 32.

33.     The November 2008 *Los Angeles Times* article is a matter of public record that speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Chad Thompson, a purported previous employee of a PSI facility, made the

statements attributed to him in Paragraph 33. Defendants otherwise deny the allegations in Paragraph 33.

34.     The July 17, 2018 *Chicago Tribune* article and November 2008 *Los Angeles Times* article are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 34.

35.     The referenced statements of former Congressman Shows and Congressman Stupak are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 35.

36.     To the extent that the allegations in Paragraph 36 refer to public regulatory, investigative, and media reports, those reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 36.

37.     PSI's executive compensation program during the referenced time period is set forth in its filings with the SEC, which are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 37.

38.     A description of Defendant Jacobs's prior employment history is set forth in Acadia's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 38 that are inconsistent therewith. Universal Health Services's announcement of its acquisition of PSI and any SEC filings revealing the existence of a DOJ subpoena to PSI are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 38.

39.     PSI's Form 10-Q for the Third Quarter 2010 is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 39.

40. The lawsuits referenced in Paragraph 40 are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 40.

41. A description of Defendant Jacobs's employment history and Acadia's management team is set forth in Acadia's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 41 that are inconsistent therewith. To the extent that the allegations in Paragraph 41 purport to quote unspecified public statements by Defendant Jacobs, Defendants refer to the statements, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 41 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 41, including denying that Defendant Jacobs engaged in any wrongdoing and that the allegations in Paragraph 41 accurately and fairly portray the quality of care provided at Acadia's facilities.

42. A description of Acadia's business is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 42 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 42.

43. Acadia's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 43 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 43.

44. Acadia's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 44 that are inconsistent therewith.

45. To the extent that the allegations in Paragraph 45 purport to quote public statements by Acadia, including statements on its website, such statements are matters of public record that

speak for themselves, and Defendants deny the allegations in Paragraph 45 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 45.

46. To the extent that the allegations in Paragraph 46 purport to quote public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 46 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 46.

47. To the extent that the allegations in Paragraph 47 refer to purported public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 47 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 47, including denying the entirety of the second sentence in Paragraph 47.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified "former Acadia Director" made the statements attributed to him/her in Paragraph 48. Defendants otherwise deny the allegations in Paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified "former Acadia employees" made the statements attributed to them in Paragraph 49. Defendants admit that Acadia had a policy of automatically deleting emails after 30 days, but otherwise deny the allegations in Paragraph 49, including denying that Acadia has sought to destroy evidence or that there is anything inappropriate with its document retention policies.

50. To the extent that the allegations in Paragraph 50 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 50, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

51.     To the extent that the allegations in Paragraph 51 refer to information reported in the media, including the October 11, 2018, Aurelius Value short report, such reports are matters of public record that speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified staff at Harbor Oaks or "a behavioral health associate" made the statements attributed to them in Paragraph 51. Defendants otherwise deny the allegations in Paragraph 51, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

52.     The allegations in Paragraph 52 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants refer to the federal and state laws that apply to hospitals and treatment centers for their true contents and otherwise deny the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants refer to the federal and state laws or regulations that apply to staffing at hospitals and treatment centers for their true contents and otherwise deny the allegations in Paragraph 53.

54.     To the extent that the allegations in Paragraph 54 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 54, including denying that the allegations accurately and fairly describe the quality of care provided at Acadia's facilities.

55.     To the extent that the allegations in Paragraph 55 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified "staff" made the statements attributed to them in Paragraph 55. Defendants otherwise deny the

allegations in Paragraph 55, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

56.     To the extent that the allegations in Paragraph 56 refer to information reported in the media, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 56, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

57.     To the extent that the allegations in Paragraph 57 refer to information reported in the media, including the October 11, 2018 Aurelius Value short report, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 57, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

58.     To the extent that the allegations in Paragraph 58 refer to information reported in the media, such reports are matters of public record that speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified "former behavioral health technician" made the statements attributed to him/her in Paragraph 58. Defendants otherwise deny the allegations in Paragraph 58, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

59.     To the extent that the allegations in Paragraph 59 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the whether the unidentified "staff" made the statements attributed to them in Paragraph 59. Defendants otherwise deny the allegations in Paragraph 59, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

60.     Defendants deny the allegations in Paragraph 60.

61.     To the extent that the allegations in Paragraph 61 refer to unspecified public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 61 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 61, including denying the entirety of the second sentence in Paragraph 61.

62.     A description of Acadia's business and facilities is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 62 that are inconsistent therewith.

63.     To the extent that the allegations in Paragraph 63 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified individuals made the statements attributed to them in Paragraph 63. Defendants otherwise deny the allegations in Paragraph 63, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

64.     To the extent that the allegations in Paragraph 64 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified individuals made the statements attributed to them in Paragraph 64. Defendants otherwise deny the allegations in Paragraph 64, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

65.     A description of Acadia's business and facilities is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 65 that are inconsistent therewith.

66.     To the extent that the allegations in Paragraph 66 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified individuals made the statements attributed to them in Paragraph 66. Defendants otherwise deny the allegations in Paragraph 66, including denying that the allegations in Paragraph 66 accurately and fairly portray the quality of care provided at Acadia's facilities.

67.     To the extent that the allegations in Paragraph 67 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. The publicly filed deposition testimony referenced in Paragraph 67 is likewise a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 67, including denying that the allegations in Paragraph 67 accurately and fairly portray the quality of care provided at Acadia's facilities.

68.     To the extent that the allegations in Paragraph 68 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 68.

69.     To the extent that the allegations in Paragraph 69 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 69, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

70. The lawsuit referenced in Paragraph 70 is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 70, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

71. To the extent that the allegations in Paragraph 71 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 71, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

72. To the extent that the allegations in Paragraph 72 refer to unspecified regulatory reports or to a publicly available lawsuit, such documents are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 72, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

73. To the extent that the allegations in Paragraph 73 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 73, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

74. To the extent that the allegations in Paragraph 74 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 74, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

75. The lawsuit referenced in Paragraph 75 is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 75, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

76. The lawsuits, public statement from the New Mexico Children, Youth & Families Department, and public website referenced in Paragraph 76 are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 76, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

77. To the extent that the allegations in the first sentence of Paragraph 77 refer to purported public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 77 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 77, including denying the entirety of the second sentence in Paragraph 77.

78. To the extent that the allegations in Paragraph 78 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 78, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

79. Defendants admit that Acadia acquired Red River Hospital located in Wichita Falls, Texas. To the extent that the allegations in Paragraph 79 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 79, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

80. Defendants admit that Acadia acquired Sonora Behavioral Health Hospital in Tucson, Arizona. A description of Acadia's business and facilities is contained in Acadia's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 80 that are inconsistent therewith. To the extent that the allegations in Paragraph 80 refer to unspecified regulatory reports, such reports are matters of public record that

speak for themselves. Defendants otherwise deny the allegations in Paragraph 80, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

81.     Defendants admit that Acadia acquired Seven Hills Behavioral Health Hospital in Henderson, Nevada. A description of Acadia's business and facilities is contained in Acadia's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 81 that are inconsistent therewith. To the extent that the allegations in Paragraph 81 reference unspecified regulatory reports and a lawsuit, such matters are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 81, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

82.     A description of Acadia's business and facilities is contained in Acadia's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 82 that are inconsistent therewith. To the extent that the allegations in Paragraph 82 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 82, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

83.     Defendants admit that Acadia acquired Ascent Children's Health Services Facility located in West Memphis, Arkansas. To the extent that the allegations in Paragraph 83 refer to unspecified regulatory reports or public statements from Ascent, such information is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 83,

including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

84. To the extent that the allegations in Paragraph 84 refer to a lawsuit, such lawsuit is a matter of public record that speaks for itself. To the extent that the allegations in Paragraph 84 refer to unspecified regulatory reports, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 84, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

85. To the extent that the allegations in the first two sentences of Paragraph 85 reference public statements by one or more Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 85 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 85, including denying the entirety of the third sentence of Paragraph 85.

86. A description of Acadia's business, including its acquisitions and facilities, is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 86 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 86.

87. A description of Acadia's acquisition of Partnerships in Care is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 87 that are inconsistent therewith.

88. A description of Acadia's business, including its acquisitions and U.K. facilities during the class period, is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 88 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 88.

89.     Acadia's Forms 10-K are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 89 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 89.

90.     Acadia's Forms 10-K are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 90 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 90.

91.     A description of Acadia's business, including its acquisition of Priory and any announced expected synergies from the acquisition, is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 91 that are inconsistent therewith.

92.     Acadia's July 2016 announcement, its divestitures following the Priory acquisition, and the CMA's approval of the acquisition are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 92 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 92.

93.     A description of Acadia's business, including its U.K. operations during the class period, is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 93 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     The January 22, 2017 *The Times* article is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 95, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

96.     The March 14, 2017 Care Quality Commission report and public articles following that report are matters of public record that speaks for themselves. Defendants otherwise deny the allegations in Paragraph 96, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

97.     The May 2, 2017 *BBC News* report is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 97, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

98.     To the extent that the allegations in Paragraph 98 reference unspecified public reports, such reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 98, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

99.     To the extent that the allegations in Paragraph 99 reference unspecified public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 99 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 99.

100.     Acadia's February 23, 2017 press release is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 100 that are inconsistent therewith.

101.     Acadia's February 23, 2017 press release is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 101 that are inconsistent therewith.

102.     The transcript of Acadia's February 24, 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 102 that are inconsistent therewith.

103.     Acadia's April 25, 2017 press release is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 103 that are inconsistent therewith.

104.     The transcript of Acadia's April 26, 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 104 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 104.

105.     Acadia's July 27, 2017 press release is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 105 that are inconsistent therewith.

106.     The transcript of Acadia's July 28, 2017 investor conference call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 106 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 106.

107.     A description of Acadia's August 2017 offering and any trading in Acadia stock by the Individual Defendants is set forth in its public filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 107 that are inconsistent therewith.

108.     Acadia's October 24, 2017 press release is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 108 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 108, including denying that Defendants committed any wrongdoing.

109.     Defendants deny the allegations in Paragraph 109.

110.     Defendants deny the allegations in Paragraph 110.

111.     To the extent that the allegations in the first sentence of Paragraph 111 refer to public statements by one or more Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 111 that are inconsistent

therewith. Defendants deny the remining allegations in Paragraph 111, including denying the entirety of the second sentence of Paragraph 111.

112. Acadia's Forms 10-K and 10-Q are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 112 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 112.

113. Acadia's Forms 10-K are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 113 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 113.

114. Acadia's Forms 10-K and 10-Q are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 114 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 114.

115. Acadia's July 30, 2014 investor call related to the Company's Second Quarter 2014 financial results, not the Third Quarter. The transcript of Acadia's July 30, 2014 Second Quarter investor conference call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 115 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 115.

116. The transcript of Acadia's October 30, 2014 Third Quarter investor conference call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 116 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 116.

117. The transcript of the November 11, 2014 Stephens Fall Investment Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 117 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 117.

118.    The transcript of the May 12, 2015 Bank of America Merrill Lynch Health Care Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 118 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 118.

119.    The transcript of the June 2, 2015 Jefferies Global Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 119 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 119.

120.    The transcript of the September 9, 2015 Wells Fargo Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 120 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 120.

121.    The Definitive 14A Proxy statement filed by Acadia on April 8, 2016 is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 121 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 121.

122.    The transcript of the June 9, 2016 Jefferies Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 122 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 122.

123.    The transcript of the February 22, 2017 RBC Capital Markets Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 123 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 123.

124.    The transcript of the May 16, 2017 Bank of America Merrill Lynch Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations

in Paragraph 124 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 124.

125. The transcript of the May 24, 2017 UBS Global Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 125 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 125.

126. The transcript of the June 8, 2017 Jefferies Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 126 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 126.

127. The Form S-3ASR filed by Acadia with the SEC on June 9, 2017 is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 127 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 127.

128. The Form 424B7 filed by Acadia with the SEC on August 18, 2017 is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 128 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 128.

129. Defendants deny the allegations in Paragraph 129.

130. To the extent that the allegations in the first sentence of Paragraph 130 reference unspecified public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 130 that are inconsistent therewith. Defendants deny the remaining allegations of Paragraph 130, including denying the entirety of the second sentence of Paragraph 130.

131. The transcript of Acadia's November 4, 2015 Third Quarter 2015 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 131 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 131.

132. The transcript of the May 10, 2016 Bank of America Merrill Lynch Health Care Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 132 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 132.

133. The transcript of the May 24, 2016 UBS Global Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 133 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 133.

134. The transcript of the June 9, 2016 Jefferies Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 134 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 134.

135. The transcript of Acadia's July 29, 2016 Second Quarter 2016 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 135 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 135.

136. The transcript of the September 7, 2016 Robert W. Baird Global Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 136 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 136.

137. The transcript of Acadia's November 2, 2016 Third Quarter 2016 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 137 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 137.

138. The transcript of Acadia's November 2, 2016 Third Quarter 2016 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 138 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 138.

139. The transcript of the February 22, 2017 RBC Capital Markets Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 139 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 139.

140. The transcript of Acadia's February 24, 2017 Fourth Quarter 2016 and Fiscal Year 2016 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 140 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 140.

141. The transcript of the March 7, 2017 Raymond James Institutional Investors Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 141 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 141.

142. The transcript of Acadia's April 26, 2017 First Quarter 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 142 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 142.

143 The transcript of Acadia's July 28, 2017 Second Quarter 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 143 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 143.

144. The transcript of the September 6, 2017 Robert W. Baird Global Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 144 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 144.

145. The transcript of Acadia's May 2, 2018 First Quarter 2018 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 145 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 145.

146. The transcript of the May 16, 2018 Bank of America Merrill Lynch Health Care Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 146 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 146.

147. The transcript of Acadia's July 31, 2018 Second Quarter 2018 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 147 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 147.

148. Defendants deny the allegations in Paragraph 148.

149. To the extent that the first sentence in Paragraph 149 references unspecified public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 149 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 149, including denying the entirety of the second sentence in Paragraph 149.

150. Acadia's Forms 10-K are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 150 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 150.

151. Acadia's Forms 10-K are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 151 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 151.

152.     The transcript of the May 24, 2017 UBS Global Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 152 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 152.

153.     The Form S-3ASR filed by Acadia with the SEC on June 9, 2017 is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 153 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 153.

154.     The transcript of Acadia's July 28, 2017 Second Quarter 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 154 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 154.

155.     The Form 424B7 filed by Acadia with the SEC on August 18, 2017 is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 155 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 155.

156.     The transcript of Acadia's November 6, 2018 Third Quarter 2018 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 156 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 156.

157.     Defendants deny the allegations in Paragraph 157.

158.     To the extent that the allegations in the first sentence of Paragraph 158 refer to Acadia's financial guidance and other unspecified public statements, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 158 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 158.

159.     Acadia's Form 8-K filed with the SEC on February 23, 2017 is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 159 that are inconsistent therewith.

160.	Acadia's Form 10-K filed with the SEC on February 24, 2017 is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 160 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 160.

161.	Acadia's Form 10-K filed with the SEC on February 24, 2017 is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 161 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 161.

162.	The transcript of Acadia's February 24, 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 162 that are inconsistent therewith.

163.	The transcript of Acadia's February 24, 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 163 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 163.

164.	The transcript of Acadia's February 24, 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 164 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 164.

165.	The transcript of the March 7, 2017 Raymond James 38th Annual Institutional Investors Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 165 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 165.

166.	The transcript of the March 7, 2017 Raymond James 38th Annual Institutional Investors Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 166 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 166.

167. Defendants admit that Acadia filed a Form 8-K with the SEC on April 25, 2017, the contents of which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 167 that are inconsistent therewith.

168. Acadia's April 25, 2017 press release is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 168 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 168.

169. The transcript of Acadia's April 26, 2017 First Quarter 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 169 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 169.

170. The transcript of Acadia's April 26, 2017 First Quarter 2017 investor conference call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 170 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 170.

171. The transcript of Acadia's April 26, 2017 First Quarter 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 171 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 171.

172. The transcript of the May 3, 2017 Deutsche Bank Health Care Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 172 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 172.

173. Acadia's July 27, 2017 press release is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 173 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 173.

174. The transcript of Acadia's July 28, 2017 Second Quarter 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 174 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 174.

175. The transcript of Acadia's July 28, 2017 Second Quarter 2017 investor conference call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 175 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 175.

176. The transcript of Acadia's July 28, 2017 Second Quarter 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 176 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 176.

177. The transcript of the September 7, 2017 Wells Fargo Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 177 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 177.

178. Defendants deny the allegations in Paragraph 178.

179. Defendants deny the allegations in Paragraph 179.

180. Acadia's October 24, 2017 press release is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 180 that are inconsistent therewith.

181. Acadia's October 24, 2017 press release is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 181 that are inconsistent therewith.

182. The October 24, 2017 Stephens analyst report is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 182.

183.     The October 25, 2017 RBC Capital Markets and Deutsche Bank analyst reports are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 183.

184.     The daily trading price of Acadia's stock on the public market is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 184 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 184.

185.     The October 11, 2018 Aurelius Value short report and video are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 185, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

186.     The October 11, 2018 Aurelius Value short report and video are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 186, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

187.     The October 11, 2018 Aurelius Value short report and video are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 187, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

188.     The October 11, 2018 Cantor Fitzgerald analyst report is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 188, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

189.    The daily trading price of Acadia's stock on the public market is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 189 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 189.

190.    The November 16, 2018 *Seeking Alpha* article is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 190, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

191.    The November 16, 2018 *Motley Fool* article is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 191, including denying that the allegations accurately and fairly portray the quality of care provided at Acadia's facilities.

192.    The daily trading price of Acadia's stock on the public market is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 192 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 192.

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194.

195.    Defendants deny the allegations in Paragraph 195.

196.    Defendant Jacobs's trading in Acadia stock while he was an officer of the Company is reflected in Acadia's Form 4 filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 196 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 196, including denying that Defendant Jacobs engaged in any wrongdoing.

197.    Defendant Jacobs's trading in Acadia stock while he was an officer of the Company is reflected in Acadia's Form 4 filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 197 that are inconsistent

therewith. Defendants deny the remaining allegations in Paragraph 197, including denying that Defendant Jacobs engaged in any wrongdoing.

198.     Defendant Jacobs's trading in Acadia stock while he was an officer of the Company is reflected in Acadia's Form 4 filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 198 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 198, including denying that Defendant Jacobs engaged in any wrongdoing.

199.     Defendant Turner's trading in Acadia stock while he was an officer of the Company is reflected in Acadia's Form 4 filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 199 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 199, including denying that Defendant Turner engaged in any wrongdoing.

200.     Defendant Turner's trading in Acadia stock while he was an officer of the Company is reflected in Acadia's Form 4 filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 200 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 200, including denying that Defendant Turner engaged in any wrongdoing.

201.     Defendant Turner's trading in Acadia stock while he was an officer of the Company is reflected in Acadia's Form 4 filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 201 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 201, including denying that Defendant Turner engaged in any wrongdoing.

202.    Defendant Duckworth's trading in Acadia stock while he was an officer of the Company is reflected in Acadia's Form 4 filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 202 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 202, including denying that Defendant Duckworth engaged in any wrongdoing.

203.    Defendant Duckworth's trading in Acadia stock while he was an officer of the Company is reflected in Acadia's Form 4 filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 203 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 203, including denying that Defendant Duckworth engaged in any wrongdoing.

204.    Defendant Duckworth's trading in Acadia stock while he was an officer of the Company is reflected in Acadia's Form 4 filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 204 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 204, including denying that Defendant Duckworth engaged in any wrongdoing.

205.    Defendants admit that Reeve B. Waud serves as Chairman of Acadia and has served on Acadia's Board of Directors since 2005. A description of Waud's positions with Acadia and his employment history are set forth in Acadia's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 205 that are inconsistent therewith.

206.    Defendants admit that, in his capacity as Chairman and member of Acadia's Board, Waud is privy to certain information concerning Acadia's business. The remaining allegations in

Paragraph 206 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 206.

207.    Waud's trading in Acadia stock while he was a member of Acadia's Board is reflected in Acadia's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 207 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 207, including denying that Waud engaged in any wrongdoing.

208.    Waud's trading in Acadia stock while he was a member of Acadia's Board is reflected in Acadia's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 208 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 208, including denying that Waud engaged in any wrongdoing.

209.    Waud's trading in Acadia stock while he was a member of Acadia's Board is reflected in Acadia's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 209 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 209, including denying that Waud engaged in any wrongdoing.

210.    Defendants admit that they had access to certain metrics regarding Acadia's operations. Defendants otherwise deny the allegations in Paragraph 210.

211.    The transcript of the March 8, 2016 Raymond James Institutional Investors Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 211 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 211.

212.    The transcript of Acadia's October 25, 2017 Third Quarter 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 212 that are inconsistent therewith.

213.    The transcript of Acadia's July 31, 2018 Second Quarter 2018 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 213 that are inconsistent therewith.

214.    The transcript of the February 22, 2017 RBC Capital Markets Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 214 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 214.

215.    The transcript of the September 9, 2015 Wells Fargo Healthcare Conference and other public statements by Defendants are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 215 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 215.

216.    The transcript of the February 22, 2017 RBC Capital Markets Healthcare Conference is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 216 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 216.

217.    The first sentence of Paragraph 217 contains legal conclusions for which no response is required. To the extent that a response to the first sentence is required, Defendants refer to federal and state laws and regulations regarding Medicare and Medicaid, which are matters of public record that speak for themselves. The remaining allegations of Paragraph 217 refer to the transcript of the September 6, 2017 Robert W. Baird Global Healthcare Conference, which is a

matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 217 that are inconsistent therewith.

218.    Defendants deny the allegations in Paragraph 218.

219.    Defendants deny the allegations in Paragraph 219.

220.    Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified "former Treatment Placement Specialist" made the statements attributed to him/her in Paragraph 220. Defendants otherwise deny the allegations in Paragraph 220.

221.    Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified "former Business Office Director" made the statements attributed to him/her in Paragraph 221. Defendants otherwise deny the allegations in Paragraph 221.

222.    To the extent that the allegations in the first sentence of Paragraph 222 refer to public statements by Acadia, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 222 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 222.

223.    Defendants admit that Acadia issued a press release on December 16, 2018 announcing a transition of its CEO from Defendant Jacobs to Debbie Osteen but otherwise deny the allegations in Paragraph 223.

224.    Defendants deny the allegations in Paragraph 224.

225.    Defendants admit that Acadia filed a Form 8-K on March 25, 2019, announcing Defendant Turner's departure from Acadia, which is a matter of record that speaks for itself, but Defendants otherwise deny the allegations in Paragraph 225.

226. To the extent that the allegations in Paragraph 226 reference Acadia's Schedule 14A filed with the SEC on March 21, 2019, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 226 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 226.

227. Acadia's 2016 and 2017 proxy statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 227 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 227.

228. To the extent that the allegations in Paragraph 228 reference Acadia's proxy statements, such proxy statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 228 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 228.

229. Defendants deny the allegations in Paragraph 229.

230. The allegations in Paragraph 230 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 230.

231. The allegations in Paragraph 231 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that Acadia's common stock is traded on the NASDAQ but otherwise deny the allegations in Paragraph 231.

232. The allegations in Paragraph 232 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 232.

233. The allegations in Paragraph 233 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that Acadia's common

stock is traded on the NASDAQ, that Acadia files periodic reports with the SEC, communicates with investors through press releases and other manners, and that certain analysts follow Acadia. Defendants otherwise deny the allegations in Paragraph 233.

234.    The allegations in Paragraph 234 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 234.

235.    The allegations in Paragraph 235 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 235, including denying that Plaintiffs or any members of the putative class suffered injury or damages.

236.    Defendants admit that Plaintiffs purport to bring their claims on behalf of a putative class as defined in Paragraph 236 but deny that Plaintiffs have stated any viable claim, that Plaintiffs or any putative class member have suffered any harm, or that Plaintiffs' claims should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendants deny the remaining allegations in Paragraph 236.

237.    The allegations in Paragraph 237 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 237 and deny that Plaintiffs' claims should be certified pursuant to Rule 23.

238.    The allegations in Paragraph 238 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 238 and deny that Plaintiffs' claims should be certified pursuant to Rule 23.

239.     The allegations in Paragraph 239 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 239 and deny that Plaintiffs' claims should be certified pursuant to Rule 23.

240.     The allegations in Paragraph 240 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 240 and deny that Plaintiffs' claims should be certified pursuant to Rule 23.

241.     The allegations in Paragraph 241 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 241 and deny that Plaintiffs' claims should be certified pursuant to Rule 23.

242.     Defendants adopt and incorporate their responses to Paragraphs 1-241 by reference with the same force and effect as if fully set forth herein.

243.     Defendants deny the allegations in Paragraph 243.

244.     Defendants deny the allegations in Paragraph 244.

245.     Defendants deny the allegations in Paragraph 245.

246.     Defendants deny the allegations in Paragraph 246.

247.     Defendants deny the allegations in Paragraph 247.

248.     Defendants deny the allegations in Paragraph 248.

249.     Defendants deny the allegations in Paragraph 249.

250.     Defendants deny the allegations in Paragraph 250.

251.     Defendants repeat and adopt their responses to Paragraphs 1 through 250 above with the same force and effect as if fully set forth herein.

252.     Defendants deny the allegations in Paragraph 252.

253.     Defendants deny the allegations in Paragraph 253.

254.     Defendants deny the allegations in Paragraph 254.

255.     Defendants deny the allegations in Paragraph 255.

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief, or any relief whatsoever, and deny any remaining allegations in these or any other portions of the Consolidated Complaint to the extent not expressly admitted or otherwise addressed herein.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Defendants plead the following defenses:

## FIRST DEFENSE

Defendants maintain that the Consolidated Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Pursuant to Federal Rule of Civil Procedure 8(b)(3), unless expressly admitted above, all contents of the Consolidated Complaint, including the allegations in the numbered paragraphs, headings, titles, and Prayer for Relief, are expressly denied.

## THIRD DEFENSE

Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, because the Individual Defendants are not liable, and Plaintiffs have not alleged and cannot prove that Acadia is liable without proving primary liability.

## FOURTH DEFENSE

This action, in whole or in part, is not maintainable as a class action under Fed. R. Civ. P. 23.

## FIFTH DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a material misstatement or omission, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (i.e., loss causation).

## SIXTH DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), (2) power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (i.e., exercise of control) in the operations of the primary violator in general.

## SEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class for control person liability are barred because the Individual Defendants at all times "acted in good faith and did not directly or indirectly induce" or control any acts constituting a violation of the securities laws. 15 U.S.C. § 78t(a).

## EIGHTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred due to the failure of the Consolidated Complaint to allege facts demonstrating any false or misleading statements and why those statements were false or misleading as required by the Private Securities Litigation Reform Act ("PSLRA") as well as Plaintiffs' inability to prove any such facts.

## NINTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred based on the truth and sufficiency of all statements upon which the alleged claims are based.

## TENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Defendants had no duty of disclosure with respect to the alleged misrepresentations or omissions.

## ELEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the allegedly false and misleading statements identified by Plaintiffs were immaterial.

## TWELFTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that they are based on statements that are not attributable to Defendants.

## THIRTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiffs.

## FOURTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred in that Plaintiffs have failed to plead their claims, or any strong inference of scienter or actual knowledge, with particularity, as required by the PSLRA, Fed. R. Civ. P. 9(b), or otherwise.

## FIFTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred due to Plaintiffs' inability to prove facts demonstrating a strong inference of scienter, with regard to each Defendant and as to each alleged misstatement.

## SIXTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Plaintiffs cannot prove reliance on any alleged statements or actions of the Defendants and Plaintiffs are not entitled to the fraud on the market or any other presumption of reliance.

## SEVENTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Plaintiffs cannot meet the burden of proving that there was an "efficient market" with respect to Acadia's stock.

## EIGHTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the Defendants' actions or alleged omissions were not the direct or proximate cause of Plaintiffs' averred damages and the requisite "loss causation" is lacking. *See* 15 U.S.C. § 78u-4(b)(4).

## NINETEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred in whole or in part because the damages allegedly suffered (which Defendants contend there are none) are the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom Defendants had no control and for whom Defendants are not liable.

## TWENTIETH DEFENSE

Any decline in the value of Plaintiffs' Acadia shares was caused by intervening and superseding causes.

## TWENTY-FIRST DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that they are founded on an aiding and abetting theory.

## TWENTY-SECOND DEFENSE

Plaintiffs' purported claims and those of the putative class are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the PSLRA, 15 U.S.C. § 78u-5(c).

## TWENTY-THIRD DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the Defendants did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

## TWENTY-FOURTH DEFENSE

To the extent Defendants were in possession of any of the information Plaintiffs claim they failed to disclose, which Defendants contend they were not, Defendants did not assimilate and comprehend the significance of that information.

## TWENTY-FIFTH DEFENSE

To the extent Defendants failed to disclose material information, which Defendants deny, the "truth-on-the-market" doctrine precludes Plaintiffs' claims because the information at issue was credibly made available to the market by other sources.

## TWENTY-SIXTH DEFENSE

The Consolidated Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of Acadia stock.

## TWENTY-SEVENTH DEFENSE

The Consolidated Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles for any putative class members who did not trade shares between the time the alleged misrepresentations were made and the time the alleged "truth" was revealed.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' purported claims and those of the putative class are not actionable under the *Santa Fe* doctrine.

## TWENTY-NINTH DEFENSE

The purported claims of Plaintiffs and some or all of the putative class are barred, in whole or in part, due to their failure to mitigate the damages they allegedly sustained as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law. Plaintiffs and some or all of the putative class members are therefore barred from recovering any damages which might reasonably have been avoided.

## THIRTIETH DEFENSE

Plaintiffs and other putative class members lack standing to prosecute this action.

## THIRTY-FIRST DEFENSE

Plaintiffs' purported claims and those of the putative class are barred based on the doctrines of assumption of risk and estoppel because Plaintiffs and the putative class had full knowledge of, and assumed and accepted, the hazards and risks associated with their investments.

## THIRTY-SECOND DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that the doctrines of estoppel, laches, waiver, acquiescence, ratification, and/or the applicable statute of limitations apply.

## THIRTY-THIRD DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that they have "unclean hands" and/or to the extent that they engaged in acts and courses of conduct which rendered them *in pari delicto*.

## THIRTY-FOURTH DEFENSE

Plaintiffs' purported claims and those of the putative class are not actionable because Defendants acted within their reasonable business judgment.

## THIRTY-FIFTH DEFENSE

Any recovery by Plaintiffs and the putative class against Defendants would constitute unjust enrichment.

## THIRTY-SIXTH DEFENSE

Plaintiffs are not entitled to recovery of attorneys' fees, expenses, and other costs in this action.

## THIRTY-SEVENTH DEFENSE

Plaintiffs are not entitled to an award of pre-judgment interest or post-judgment interest.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, by Plaintiffs' own actions, omissions, and/or negligence.

## THIRTY-NINTH DEFENSE

Any potential recovery by Plaintiffs or the putative class members is subject to offset in the amount of any benefit received by Plaintiffs or the putative class members through their investments.

## FORTIETH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the alleged omissions relate to forward looking statements, which are immaterial as a matter of law.

## FORTY-FIRST DEFENSE

Corrective statements during the putative class period effectively counterbalanced any misleading impression purportedly created by Defendants' alleged misstatements or omissions.

## FORTY-SECOND DEFENSE

Any potential recovery against Defendants is barred, in whole or in part, by virtue of the proportionate liability of, contribution by, and/or comparative fault of Plaintiffs, putative class members and/or other persons or entities pursuant to the relevant provisions of the PSLRA, and/or principles of equitable allocation, recoupment, setoff, proportionate responsibility, comparative fault, any settlement credit and/or any other applicable law or doctrine. Defendants are entitled to have the trier of fact apportion the percentage of fault (if any) among such persons or entities that the trier of fact finds responsible for any alleged violations of the federal securities laws.

## FORTY-THIRD DEFENSE

The claims of Plaintiffs and any putative class members are barred, in whole or in part, because the alleged depreciation in the market price of Acadia's securities resulted from factors other than the misstatements or omissions alleged in the Consolidated Complaint.

## FORTY-FOURTH DEFENSE

Defendants hereby incorporate by reference any and all other defenses asserted in the Motion to Dismiss (Doc. 41).

### Reservation of Rights to Assert Additional Defenses

Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

WHEREFORE, Defendants having fully answered Plaintiffs' Consolidated Complaint, pray:

(a)     that the Consolidated Complaint be dismissed with prejudice;

(b)     that judgment be entered in Defendants' favor;

(c)     that all costs of this action be taxed against Plaintiffs; and

(d)     for such other and further relief as the Court deems proper.

Dated: February 19, 2021

Respectfully submitted,

Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309
(404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
bkeel@*kslaw*.com

*Counsel for Defendants*

/s/ Steven A. Riley
Steven A. Riley (BPR # 006258)
Milton S. McGee, III (BPR # 024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rwjplc.com
tmcgee@rwjplc.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2021, I electronically filed the foregoing

document with the Clerk of Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Christopher M. Wood
ROBBINS GELLER RUDMAN &
DOWD LLP
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2203
cwood@rgrdlaw.com

Danielle S. Myers
David C. Walton
Darryl J. Alvarado
J. Marco Janoski Gray
Ting H. Liu
ROBBINS GELLER RUDMAN &
DOWD LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
(619) 231-1058
danim@rgrdlaw.com
davew@csgrr.com
dalvarado@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com

Thomas C. Michaud
VANOVERBEKE, MICHAUD & TIMMONY, P.C.
79 Alfred Street
Detroit, MI 48201
(313) 578-1200
tmichaud@vmtlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219

(615) 244-2202
Fax: (615) 252-3798
jmartin@barrettjohnston.com

Matthew M. Guiney
Patrick Donovan
Regina M. Calcaterra
Thomas H. Burt
WOLF, HALDENSTEIN, ADLER, FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600
guiney@whafh.com
donovan@whafh.com
calcaterra@whafh.com
burt@whafh.com

Paul Kent Bramlett
BRAMLETT LAW OFFICES
P O Box 150734
Nashville, TN 37215
(615) 248-2828
Fax: (615) 254-4116
Email: pknashlaw@aol.com

*/s/ Steven A. Riley*